UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TRACY BEARD,

    Plaintiff,

v.                                                                           CASE NO. 3:04-cv-1268-J-16MMH

WEYERHAUSER COMPANY,

    Defendant.
_____/

## ORDER

Before the Court is an Unopposed Motion to Intervene by BHA Group, Inc. ("BHA")(Dkt. 22) with a Brief in Support (Dkt. 23) and an attached Complaint in Intervention (Dkt. 23, Exhibit A).

**I.      Procedural Posture**

Plaintiff's Complaint (Dkt. 2) was filed on November 1, 2004 in the Fourth Judicial Circuit, Circuit Court, in and for Duval County, Florida. The Complaint was served on Defendant on November 8, 2004 and Defendant removed the case on December 8, 2004 to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

**II.     Background**

The Complaint (Dkt. 2) alleges that on or about November 6, 2003, Plaintiff was working in the carpentry shop of his employer, BHA, when he attempted to saw a sheet of plywood supplied by Defendant and taken from a pallet of Defendant's plywood (Dkt. 2 at 2). The Complaint further alleges that the electric saw struck a piece of "iron re-bar embedded in the plywood," which caused Plaintiff to suffer personal injury. Plaintiff therefore filed claims against

Defendant for negligence (Count I) and strict liability (Count II).

On August 24, 2005, BHA filed its Unopposed Motion to Intervene (Dkt. 22) and provides that since Plaintiff's accident, BHA has paid workers' compensation benefits, in the form of medical benefits, in excess of $ 11, 308.83 (Dkt. 23 at 2). BHA further contends that under the Official Code of Georgia Annotated ("O.C.G.A.") § 34-9-11.1, it has a subrogation lien for the benefits paid. BHA therefore seeks, pursuant to Rule 24(a) and (b), Federal Rules of Civil Procedure, to intervene in this case in order to protect and enforce this subrogation lien.

### III.  Discussion

After reviewing the arguments put forth by BHA and in noting that neither Plaintiff nor Defendant oppose BHA's Motion to Intervene (Dkt. 22), the Court finds BHA's intervention to be proper. See (Dkt. 24, Certification of Conference Between the Parties). Indeed, O.C.G.A. § 34-9-11.1(b) does appear to give BHA a subrogation lien against any recovery in this action while also allowing BHA to intervene to protect and enforce this lien.[1]

The Court also finds BHA is entitled as a matter of right, pursuant to Rule 24(a)(2), Federal Rules of Civil Procedure, to intervene. In order to establish such a right, a proposed intervenor must show:

>  (1) that the intervention application is timely; (2) that an interest exists relating to the

---

[1] O.C.G.A. § 34-9-11.1(b) states:
> In the event an employee has a right of action against such other person as contemplated in subsection (a) of this Code section and the employer's liability under this chapter has been fully or partially paid, then the employer or such employer's insurer shall have a subrogation lien, not to exceed the actual amount of compensation paid pursuant to this chapter, against such recovery. The employer or insurer may intervene in any action to protect and enforce such lien. However, the employer's or insurer's recovery under this Code section shall be limited to the recovery of the amount of disability benefits, death benefits, and medical expenses paid under this chapter and shall only be recoverable if the injured employee has been fully and completely compensated. . . .

2

>       property or transaction which is the subject of the action; (3) that disposition of the
>       action, as a practical matter, may impede or impair the ability to protect that interest; and
>       (4) the existing parties to the lawsuit inadequately represent the interests.

Federal Sav. and Loan Ins. Corp. v. Falls Chase Special Taxing Dist., 983 F.2d 211, 215 (11th Cir. 1993)(citing Chiles v. Thornburgh, 865 F.2d 1197, 1213 (11th Cir. 1989)). BHA meets these requirements as the timeliness of its application is undisputed and it clearly has an interest in any recovery by the Plaintiff due to its subrogation lien in excess of $ 11, 308.83 for the workers' compensation funds it has paid. BHA's interest, as a practical matter, would also be impaired if the case were to settle and Plaintiff disperse the award without BHA's knowledge (Dkt. 23 at 5). See Loyd v. Alabama Dep't of Corrections, 176 F.3d 1336, 1339 (11t Cir. 1999)(providing the interest has been described "'as a direct, substantial, and legally protectable interest in the proceedings.'")(internal citations omitted). Lastly, and as BHA appropriately notes, its interest is inadequately represented by the existing parties as it "cannot look to the present plaintiff or defendants [sic] to protect its interests." (Dkt. 23 at 6). The Court therefore finds that BHA has established the right to intervene. See e.g. Federal Sav. and Loan Ins. Corp., 983 F.2d at 216 ("Any doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors because it allows the court to resolve all related disputes in a single action").[2]

    Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.    BHA's Unopposed Motion to Intervene (Dkt. 22) is **GRANTED**.

BY ORDER OF THE COURT, at Jacksonville, Florida, this __8th__ day of September, 2005.

---

    [2] Because the Court determined that BHA is entitled to intervene as a matter of right under Rule 24(a)(2), Federal Rules of Civil Procedure, the Court need not examine BHA's alternative argument concerning permissive intervention pursuant to Rule 24(b), Federal Rules of Civil Procedure.

Copies to:
Counsel of Record

JOHN H. MOORE II
United States District Judge